JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHANTIA HASSANSHAHI, | ) | CASE NO.  CV 17-377-R |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION TO DISMISS |
| v. | ) | |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION; et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants Drug Enforcement Administration and Chuck Rosenberg, in his official capacity as its Acting Administrator; Federal Bureau of Investigation and Andrew McCabe, in his official capacity as its Acting Director; the Department of Justice and Jefferson B. Sessions III, in his official capacity as Attorney General; Department of Homeland Security and John F. Kelly, in his official capacity as Secretary; and the United States of America's (collectively, "Defendants") Motion to Dismiss, which was filed on June 26, 2017.  (Dkt. No. 21). Plaintiff failed to timely oppose the Motion.  Upon determining that Defendants' Motion is suitable for a decision on the papers, this matter was taken under submission on August 16, 2017.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the jurisdiction of the court over the subject matter of the action.  Federal courts are courts of limited

jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of proof is on the party asserting jurisdiction and federal courts are presumed to lack jurisdiction unless proven otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991).

Plaintiff asserts three causes of action against Defendants in his First Amended Complaint ("FAC"). Specifically, Plaintiff seeks injunctive and declaratory relief as well as over $75,000 in damages based on allegations that Defendants' collection in the Drug Enforcement Administration ("DEA") database of telephony metadata relating to him was unconstitutional under the First and Fourth Amendments and was also in violation of DEA's administrative and subpoena authority under Title 21 U.S.C. § 876. With their Motion, Defendants seek dismissal of Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction to preside over Plaintiff's case. Defendants assert that (1) Plaintiff's claims for damages are barred by sovereign immunity; (2) Plaintiff lacks standing to assert his claims for injunctive relief; and (3) Plaintiff fails to identify a private right of action that would allow him to assert a claim under 21 U.S.C. § 876.

Plaintiff failed to timely oppose Defendants' Motion. On August 7, 2017, Plaintiff filed an Ex Parte Application for Relief from Failure to File Opposition to Motion to Dismiss and for Extension of Time and Continuance of Hearing. (Dkt. No. 24). On August 10, 2017, finding no good cause shown as to why Plaintiff's Application should be granted, this Court denied Plaintiff's Application. (Dkt. No. 26). Thus, Plaintiff's failure to oppose the Motion is treated as his consent to the granting of the Motion. L.R. 7-12. Furthermore, the FAC fails to state facts which demonstrate that Plaintiff has standing to bring his claims.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED. (Dkt. No. 21).

Dated: September 6, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

2